26 C.C.P.A.(Patents)

In re COPEMAN.

Patent Appeals No. 4018.

Court of Customs and Patent Appeals.

Nov. 28, 1938.

John M. Kisselle, of Detroit, Mich., Francis D. Thomas, of Washington, D. C., and Stuart C. Barnes, of Detroit, Mich., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The Board of Appeals of the United States Patent Office affirmed the rejection by the Primary Examiner of claims 1, 2, 7, 8, 11, 14, 15, and 19 of appellant's application for a patent relating to a sanitary sealing enclosure for milk bottles and the like and the method of making them. From the decision of the board the appellant has appealed to this court.

The references relied upon are: Harris (Br.), 8,952, May 26, 1891; Wright 1,603,-057, Oct. 12, 1926; Vas Dias et al. (Netherland), 15,151, Jan. 15, 1927; Magill, 1,664,-635, April 3, 1928; Meldrum, 1,693,455, Nov. 27, 1928; Josephy (Ger.), 506,736, Sept. 8, 1930; McAvoy, 1,886,347, Nov. 1, 1932; McManus, 2,004,079, June 4, 1935.

Claim 2 in a general way illustrates the nature of the invention. However, special features which to some extent differentiate all the appealed claims from each other will be hereinafter referred to. Claim 2 reads:

"2. The method of forming a sanitary sealing enclosure for milk bottles and the like, which comprises coating one side of a sheet of enclosing substance with an annular ring of an aqueous dispersion of rubber, placing the enclosure member across the top of the bottle, then pressing down and converging the sides of the enclosure member around the side of the mouth of the bottle, said pressure being sufficient to cause said dispersion to contact with and temporarily seal the enclosure member to the bottle, and tying together the overlapping folds of the enclosure member by rubber deposited from said dispersion."

Applicant's invention, as disclosed by his specification, involves the preferable use of non-moistureproof cellophane, which, before being attached to the bottle, is moistened on one side and then is allowed to substantially dry. On the other side is applied a sealing substance which appellant states consists of an aqueous dispersion of rubber—latex. The sheet so treated is placed across the top of the bottle and is pressed down around the sides of the bottle with sufficient force to cause the sealing substance to contact with and seal the pressed-down portions of the sheet to the container.

Applicant's improvement, according to his specification, prevents the top of the bottle and the small sealing cap, which is ordinarily used on a milk bottle, from being contaminated by contact with the atmosphere. When, in opening the bottle, it is desired to remove the closure member, it is claimed that the latex has a greater affinity for the cellophane than for the bottle,

and adheres to the cellophane rather than to the bottle. Appellant's invention is stated to make unnecessary the use of rubber bands or other kind of clamping holders which are ordinarily placed around the lower portion of such closure coverings.

Appellant points out that by premoistening the non-moistureproof cellophane and permitting it to partially dry before proceeding further with his process, he leaves the cover in such condition that when the top of the milk freezes and protrudes upward out of the bottle, the cap will expand without permitting the exposure of the milk or the top of the bottle to the atmosphere.

Appellant argues at great length that the combination of the stated elements is new in the art, that they involve invention, and that the references cited by the Patent Office neither singly nor combined show the steps of his process or disclose an article possessing the characteristics of the product of his process.

Appellant's main argument is directed to the use of latex in the manner described in combination with non-moistureproof cellophane which has been premoistened and permitted to partially dry. For instance, appellant in his brief states:

"The applicant has disclosed a secondary sealing means which is preferably formed of nonmoistureproof Cellophane, on one side of which is deposited an annular band of liquid latex. * * *

"The applicant has discovered that a single coat of latex will be sufficient and this means that the cost of latex is almost negligible. Furthermore, the applicant has discovered and applied a peculiar property of latex, namely, that it has a greater affinity for the nonmoistureproof Cellophane than for glass, so that when the Cellophane is pulled away from the bottle the sheet rubber and any dirt on the bottle will be completely removed with it. The neck of the bottle will be left absolutely clean."

Appellant stresses the importance of the premoistening and drying steps.

The difficulty with appellant's position, as we see it, is that the claims at bar do not contain the elements of the combination which produce the good results which appellant claims flow from his invention. Appellant has been allowed three claims, one or more of which state all the elements in the combination which he claims produces the useful results. No one of the appealed claims defines a combination of non-mois-

tureproof cellophane, premoistened and partially dried, with latex. Some of the claims, such as claim 15, contain the element of non-moistureproof cellophane with a "sealing substance," not necessarily latex.

Claim 14 calls for the use of non-moistureproof cellophane with the moistening and drying provision but no use of latex is required. On the contrary the claim recites: "and elastic means tending to hold the plaited portion beneath said annular mouth portion in temporary substantially fixed position." The elastic means might consist of a rubber band.

Claim 7 calls for the sheet of cellophane but it is not required to be non-moistureproof nor does the claim call for the use of latex.

Claim 19 calls for non-moistureproof cellophane and for the premoistening thereof. It broadly calls for elastic means to hold it on the bottle.

Claim 11 would seem to come as near including the combined elements of appellant's alleged invention as any other. It calls for a sheet of non-moistureproof cellophane together with a "sealing material" which has "a greater affinity for the Cellophane than the bottle." In this claim there is no combination of latex with non-moistureproof cellophane nor is there any suggestion that the cellophane called for in this article claim required a premoistening and drying.

The examiner rejected the appealed claims on grounds which are clearly stated in the following quoted portion of his decision:

"In Meldrum the cap sheet is provided with an annular band of adhesive to attach the cap to a bottle, and the edge coating of adhesive in Harris, for the same purpose, is the same as an annulus. The sheets in these references are turned down over bottle mouths and pressed against the necks thereof thereby securing them by the adhesives.

"Magill applies a coating of latex to a capped bottle for sealing the cap to the bottle and this latex necessarily adheres to the cap and bottle while Vas Dias discloses coating a sheet with latex which obviously adheres thereto. No invention is apparent in substituting the latex of Magill or Vas Dias for the adhesives in Meldrum or Harris. Reciting the latex seal as temporary refers to a matter of degree, however the latex disclosed in the art will inherently

perform the same function as applicant's latex. Claim 1 is therefore deemed unpatentable over this art.

"Claim 2 is not deemed patentable over the references and reasons cited above against claim 1. Magill [evidently Meldrum] on page 2, lines 2 to 5, describes the adherence of the crimps and this obviously occurs in Harris wherein the sheet edge will necessarily wrinkle in deflecting it from a flat sheet and the adhesive on the wrinkles will cause adherence thereof.

"Claim 7 is deemed unpatentable over the references and reasons cited against claim 1. McAvoy and page 2 of Josephy disclose the use of Cellophane for caps and the substitution of such material in Meldrum or Harris does not modify the steps of application.

"Claim 7 is thought met by Meldrum or Harris taken with McManus who adhesively secures a Cellophane disk 13 over a bottle mouth. The substitution of the sheet material of McManus for the caps in Meldrum or Harris involves no different steps in applying the caps. Applying a pressure to cause a slight adhesion to the bottle is a matter of degree.

"Claim 8 is rejected on McAvoy. Harris describes, page 3, line 16, the use of a moistened sheet which will obviously dry as the paste in line 28 dries. No patentability is apparent, therefore, in omitting water proofing in the cap of McAvoy, wetting it before application and thereafter permitting it to dry.

"Claim 8 is not believed patentable over Harris. Page 3, line 27 describes placing an elastic band about the cap. No different steps for applying the closure appear in the substitution of applicant's material.

"Claim 11 is deemed unpatentable over Wright. The cap is obviously tightly drawn over the bottle by the applying tool and since the adhesive readily peels from the bottle, as on page 1, lines 35 to 42 and claim 17, for example, it has a greater affinity for the sheet than for the bottle. The substitution of waterproof [non-moisture-proof] Cellophane for the fibrous material does not appear to give any advantage.

"Claim 14 is deemed met by McAvoy taken with Josephy. The complete article is not affected by the character of the material and its behavior when wet or dry and hence the substitution of applicant's material is not deemed invention, however Josephy applies a moist parchment paper which will dry and function as in applicant's case. In Josephy the downward bending and pressing will cause some stretching of the disk across the bottle mouth and applying this idea in McAvoy is not invention. The cap edge of Josephy will necessarily crimp in bending and substituting a rubber band, as in McAvoy, for the wire is obvious.

"Claim 15 is rejected on Harris. The cap edge will crimp in bending and the adhesive will attach these crimps together. Substituting Cellophane for the cap material is not deemed invention in view of McAvoy, McManus or Josephy. The use of [non-] moisture-proof Cellophane when desirable to use absorbent material is deemed obvious and to wet the sheet only on the upper side is not deemed patentable.

"Claim 19 is not deemed patentable over Josephy taken with McAvoy for reasons cited against claim 14. To premoisten the cap of McAvoy, as in Josephy, is not thought patentable."

The Board of Appeals affirmed the decision of the examiner for the same reasons assigned by him. It did not discuss all the references but there is no serious contention made here that the references do not disclose the facts upon which reliance was made by the Patent Office tribunals, and we do not think it necessary for us to discuss the references in great detail.

In view of the disclosures in the cited prior art and of the fact that none of the claims here on appeal call for the elements in combination which appellant urges produce the new and useful results, we are in agreement with the conclusion reached by the tribunals of the Patent Office for the reasons expressed in their decisions. If appellant's allowed claims do not fully protect his invention (and it is conceded that he has made one), claims stating more in detail the elements relied upon to produce the good results and to distinguish from the prior art, should have been submitted to the Patent Office.

While at first blush, the argument of appellant's counsel in their brief and at the hearing here might be persuasive that appellant had greatly improved the art and had made an invention, an analysis of his claims and a consideration of the disclosures in the references are convincing of the fact that if appellant has made an invention, not fully covered by his allowed claims, it is not defined by the appealed claims.

An examination of all the appealed claims discloses that each omits one or more of the important steps or characteristics which, when in combination with the other steps and characteristics, might be regarded as a patentable improvement over the prior art.

The decision of the Board of Appeals is affirmed.

Affirmed.